```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

PATRICIA KNIGHTEN,              )
                                )
           Plaintiff,           )
                                )
     v.                         )    No.  10 C 6761
                                )
CALENDER 12-L                   )
JUDGE R. BALANOFF,              )
                                )
           Defendant.           )
```

## MEMORANDUM ORDER

Patricia Knighten ("Knighten") has used the form of Complaint for Violation of Constitutional Rights, made available by this District Court for use by pro se plaintiffs, to sue Circuit Court of Cook County Judge Daniel Balanoff under 42 U.S.C. §1983 ("Section 1983") for such a claimed violation. Knighten has also accompanied her Complaint with two other filled-out forms made available by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

Although Knighten would qualify for in forma pauperis treatment in purely financial terms because of her low-paying job and her lack of any significant assets, the Application still fails because she has not met the added requirement of setting out even a minimally colorable claim. And because this Court holds (as explained hereafter) that the deficiency should result in the dismissal of the Complaint and this action, the Motion is rendered moot.

Knighten complains that a ruling by Judge Balanoff (who was sitting in the state court's Juvenile Division) wrongfully deprived her of visitation rights with respect to her grandchildren. But in advancing that claim, Knighten runs head on into the long-established doctrine of absolute judicial immunity, which insulates judges against being sued for claimed misconduct in the course of their judicial activities (although that doctrine had been established at common law long before the Supreme Court decided Pierson v. Ray, 386 U.S. 547 (1967), that case is the seminal decision that applied that principle to Section 1983 lawsuits, and the cases that have followed in Pierson's footsteps since then are legion).

Although this Court could simply deny the Application and leave it to Knighten to try to obtain the $350 filing fee to keep her lawsuit in this District Court, it is clear that her doing so would be a waste of her limited resources because the case would still have to be dismissed for the reason that has been set forth in the preceding paragraph. Accordingly this Court not only denies the Application but also dismisses the Complaint and this action (as stated earlier, that consequently denies the Motion as moot).

One other matter should be mentioned. Knighten has also filled out and has included as an exhibit to the Complaint a form of Complaint of Judicial Misconduct or Disability. That however

reflects a misunderstanding of that form, which is made available for charges of misconduct against federal judges, not state judges such as Judge Balanoff.  Hence that Complaint will simply be ignored.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 22, 2010